UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN '06 MAR 21 P5 :07

UNITED STATES OF AMERICA

    Plaintiff,

v.

  Case No. **06 CR 63**

  [Title 18 U.S.C. §§ 2, 1341, 1343 and 1346 and
  Title 29 U.S.C. §§ 436, 439 and 501(c)]

DANNY L. IVERSON and
DEBRA M. TIMKO,

    Defendants.    **INDICTMENT**

## Allegations in Support of all Counts

**THE GRAND JURY CHARGES**:

1. At all times relevant to this indictment:

    a. The Service Employees International Union ("SEIU") was a labor organization representing individuals working in service industries, including nursing home and home care workers, custodians, security guards, stadium workers, bus drivers, public school employees and other public service workers.

    b. SEIU Local 150 ("Local 150") was a labor organization with its principal place of business located in Milwaukee, Wisconsin.

    c. Defendant Danny L. Iverson ("Iverson") was employed by Local 150. Iverson was the president of Local 150 and a member of its executive board since at least 1984. Iverson resigned as president of Local 150 in December, 2001, but continued in the capacity of "president emeritus" for the union.

    d. Defendant Debra M. Timko ("Timko") was employed by Local 150. Iverson hired Timko in 1998 and appointed her to the executive board of the union. In November, 2001, Iverson appointed Timko to be the

vice president of Local 150. As a result, when Iverson resigned in December, 2001, Timko became the president of Local 150. Timko continued as the president of Local 150 through at least 2004.

e. As employees, officers, and members of the executive board of Local 150, Iverson and Timko owed a duty to provide honest services to Local 150 and its members and had a fiduciary duty to protect the assets of the union.

2

Case 2:06-cr-00063-RTR   Filed 03/21/06   Page 2 of 16   Document 1

## Mail and wire fraud
(18 U.S.C. §§ 1341, 1343 and 1346)

## COUNTS 1 - 26

**THE GRAND JURY FURTHER CHARGES**:

2.  Beginning in 1998 and continuing thereafter through 2002, in the State and Eastern District of Wisconsin, and elsewhere,

DANNY L. IVERSON and
DEBRA M. TIMKO

devised and carried out a scheme to defraud Local 150 and its members, which scheme is more fully described below.

3.  The defendants' scheme deprived Local 150 and its members of the intangible right of honest services from Iverson and Timko.

4.  For purposes of executing the scheme, Iverson and Timko used and caused the use of the United States mail and interstate wire communications.

## The Scheme

5.  The defendants' scheme to defraud Local 150 and its members was essentially as follows:

   a. In 1998, Iverson hired Timko as his chief of staff and appointed her to the executive board of Local 150.

   b. Iverson and Timko hired Timko's twin sister, who lived in Knoxville, Tennessee, to be the bookkeeper for Local 150.

   c. Iverson and Timko prevented any audit or other significant review of the expense vouchers they submitted to the union for reimbursement.

3

d. Iverson and Timko used their positions at Local 150 to authorize fraudulent payments by the union to themselves and to the benefit of others.

e. Iverson and Timko caused Local 150 to pay for numerous personal and otherwise non-reimbursable expenses, including meals and drinks for themselves, friends, and family members.

f. Iverson and Timko submitted claims to Local 150 for reimbursement for a flat per diem expense and, for the same day, charged meals using the union's credit card or sought and obtained reimbursement from the union for actual meal expenses they had incurred.

g. Iverson and Timko caused Local 150 to make payments to them purportedly as advances for future union expenses. These payments were in excess of actual reimbursable expenses incurred by Iverson and Timko and included payment for personal and otherwise non-reimbursable expenses incurred by Iverson and Timko.

h. Iverson and Timko used credit cards maintained by Local 150 to pay for personal and otherwise non-reimbursable expenses. Local 150 paid for these charges.

i. Timko fraudulently and without authority used her position to obtain payments from Local 150 purportedly for vacation time she had not used.

j. Iverson and Timko failed to maintain and submit to Local 150 records associated with expenses they submitted to the union for payment and reimbursement, as required by federal law.

k. In November, 2001, Iverson appointed Timko to be vice president of Local 150. Iverson then resigned as president and Timko became the president of the union. In exchange, Timko authorized payments to Iverson by Local 150 totaling $50,000.

l. During 2002, Timko fraudulently authorized additional payments by Local 150 to Iverson.

4

Case 2:06-cr-00063-RTR   Filed 03/21/06   Page 4 of 16   Document 1

## Interstate wire communications in execution of scheme
(18 U.S.C. § 1343)

**THE GRAND JURY FURTHER CHARGES:**

6.     On or about the indicated dates, in the State and Eastern District of Wisconsin, and elsewhere,

DANNY L. IVERSON and
DEBRA M. TIMKO,

for the purpose of carrying out the scheme and attempting to do so, used and caused the use of interstate wire communication as described. These transactions involved the transfer of union funds to Iverson's bank account in Milwaukee, Wisconsin, by the union's payroll company through its bank account in Rochester, New York. The described transactions were payments made as part of the agreement Timko signed to pay Iverson $50,000 after he appointed Timko vice president of Local 150 and then resigned as president.

| Count | Date | Description of interstate wire communication |
|---|---|---|
| One | December 14, 2001 | Direct deposit of $20,000 from Local 150 to Iverson's bank account by the union's payroll company |
| Two | January 4, 2002 | Direct deposit of $2,000 from Local 150 to Iverson's bank account by the union's payroll company |
| Three | January 18, 2002 | Direct deposit of $4,000 from Local 150 to Iverson's bank account by the union's payroll company |
| Four | February 1, 2002 | Direct deposit of $4,000 from Local 150 to Iverson's bank account by the union's payroll company |
| Five | February 15, 2002 | Direct deposit of $4,000 from Local 150 to Iverson's bank account by the union's payroll company |

| Count | Date | Description of interstate wire communication |
|-------|------|---------------------------------------------|
| Six | March 1, 2002 | Direct deposit of $4,000 from Local 150 to Iverson's bank account by the union's payroll company |
| Seven | March 15, 2002 | Direct deposit of $4,000 from Local 150 to Iverson's bank account by the union's payroll company |
| Eight | March 29, 2002 | Direct deposit of $4,000 from Local 150 to Iverson's bank account by the union's payroll company |
| Nine | April 12, 2002 | Direct deposit of $4,000 from Local 150 to Iverson's bank account by the union's payroll company |

All in violation of Title 18, United States Code, Sections 2 and 1343.

## Interstate wire communications in execution of scheme
(18 U.S.C. § 1343)

**THE GRAND JURY FURTHER CHARGES**:

7. On or about the indicated dates, in the State and Eastern District of Wisconsin, and elsewhere,

DEBRA M. TIMKO,

for the purpose of carrying out the scheme and attempting to do so, used and caused the use of interstate wire communication as described. These transactions involved the transfer of union funds to Timko's bank account in Harrisburg, Pennsylvania, by the union's payroll company through its bank account in Rochester, New York. Timko authorized these payments to herself claiming they were for expenses (Counts 10-13) and to "cash out" vacation time she had accrued (Counts 14-17).

| Count | Date | Description of interstate wire communication |
|---|---|---|
| 10 | August 24, 2001 | Direct deposit of $7,000 from Local 150 to Timko's bank account by the union's payroll company |
| 11 | September 28, 2001 | Direct deposit of $2,000 from Local 150 to Timko's bank account by the union's payroll company |
| 12 | October 26, 2001 | Direct deposit of $3,500 from Local 150 to Timko's bank account by the union's payroll company |
| 13 | November 23, 2001 | Direct deposit of $2,821.43 from Local 150 to Timko's bank account by the union's payroll company |
| 14 | December 14, 2001 | Direct deposit of $2,692.32 from Local 150 to Timko's bank account by the union's payroll company |
| 15 | January 4, 2002 | Direct deposit of $2,692.32 from Local 150 to Timko's bank account by the union's payroll company |

| Count | Date | Description of interstate wire communication |
|-------|------|----------------------------------------------|
| 16 | March 1, 2002 | Direct deposit of $2,692.32 from Local 150 to Timko's bank account by the union's payroll company |
| 17 | May 24, 2002 | Direct deposit of $2,692.32 from Local 150 to Timko's bank account by the union's payroll company |

All in violation of Title 18, United States Code, Sections 2 and 1343.

8

## Mailings in execution of scheme
(18 U.S.C. § 1341)

**THE GRAND JURY FURTHER CHARGES:**

8. On or about the indicated dates, in the State and Eastern District of Wisconsin, and elsewhere,

DEBRA M. TIMKO,

for the purpose of carrying out the scheme and attempting to do so, used and caused the use of the U.S. mail as described. The described mailings were checks issued by Local 150 and mailed to Elan Financial Services, Cincinnati, Ohio, to pay for charges on the union's credit card, including charges by Timko for personal and otherwise non-reimbursable expenses.

| Count | Date | Description of mailing |
|---|---|---|
| 18 | June 27, 2001 | Local 150 check no. 75042 in the amount of $4,431.56 |
| 19 | July 25, 2001 | Local 150 check no. 75092 in the amount of $7,228.50 |
| 20 | October 24, 2001 | Local 150 check no. 75433 in the amount of $3,360.55 |
| 21 | November 25, 2002 | Local 150 check no. 77304 in the amount of $6,576.87 |

All in violation of Title 18, United States Code, Sections 2 and 1341.

9

## Mailings in execution of scheme
(18 U.S.C. § 1341)

**THE GRAND JURY FURTHER CHARGES**:

9. On or about the indicated dates, in the State and Eastern District of Wisconsin, and elsewhere,

DANNY L. IVERSON,

for the purpose of carrying out the scheme and attempting to do so, used and caused the use of the U.S. mail as described. The described mailings were checks issued by Local 150 and mailed to Elan Financial Services, Cincinnati, Ohio, to pay for charges on the union's credit card, including charges by Iverson for personal and otherwise non-reimbursable expenses.

| Count | Date | Description of mailing |
|---|---|---|
| 22 | May 13, 2001 | Local 150 check no. 75209 in the amount of $829.49 |
| 23 | June 27, 2001 | Local 150 check no. 75050 in the amount of $844.72 |
| 24 | July 25, 2001 | Local 150 check no. 75093 in the amount of $1,199.51 |
| 25 | November 30, 2001 | Local 150 check no. 75350 in the amount of $1,276.81 |
| 26 | January 17, 2002 | Local 150 check no. 76435 in the amount of $474.95 |

All in violation of Title 18, United States Code, Sections 2 and 1341.

## COUNTS 27 - 28

## Converting union funds
(29 U.S.C. § 501(c))

**THE GRAND JURY FURTHER CHARGES**:

10. On or about the dates indicated below, in the State and Eastern District of Wisconsin,

DANNY L. IVERSON and
DEBRA M. TIMKO

did embezzle, steal and unlawfully and willfully abstract and convert to their own use the moneys and funds of Local 150 in the indicated amount:

| Count | Date | Description of payment |
|-------|------|------------------------|
| 27 | June 5, 2002 | Local 150 check no. 76865 issued by Timko payable to Iverson in the amount of $3,000 |
| 28 | September 25, 2002 | Local 150 check no. 77059 issued by Timko payable to Iverson in the amount of $5,000 |

All in violation of Title 29, United States Code, Section 501(c).

11

## COUNT 29

### Converting union funds
(29 U.S.C. § 501(c))

**THE GRAND JURY FURTHER CHARGES**:

11. On or about December 16, 2002, in the State and Eastern District of Wisconsin,

DEBRA M. TIMKO,

did embezzle, steal and unlawfully and willfully abstract and convert to her own use the moneys and funds of Local 150 by issuing and causing the issuing of check no. 77334 drawn on the union's bank account payable to Timko in the amount of $1,619.59 to reimburse her for expenses, which included personal and otherwise non-reimbursable expenses.

All in violation of Title 29, United States Code, Section 501(c).

## COUNT 30

### Failing to maintain union records for 2000
(29 U.S.C. §§ 436 and 439(a))

**THE GRAND JURY FURTHER CHARGES**:

12. During the period from January 1, 2000, through December 1, 2001, in the State and Eastern District of Wisconsin,

DANNY L. IVERSON,

who was then the president of Local 150 and was, therefore, required to sign and file annual financial reports with the U.S. Department of Labor on behalf of Local 150, willfully failed to maintain records providing the necessary basic information and data to verify, explain, clarify, and check the accuracy and completeness of the financial report required to filed with the Department of Labor by Local 150 for the year 2000. These records included vouchers, receipts and other documentation providing the necessary supporting information for expenses Iverson and Timko claimed to have incurred during 2000 that were paid for and reimbursed by Local 150.

All in violation of Title 29, United States Code, Sections 436 and 439(a).

13

## COUNT 31

### Failing to maintain union records for 2001
(29 U.S.C. §§ 436 and 439(a))

**THE GRAND JURY FURTHER CHARGES**:

13. During the period from January 1, 2001, through December 1, 2001, in the State and Eastern District of Wisconsin,

DANNY L. IVERSON,

who was then the president of Local 150 and was, therefore, required to sign and file annual financial reports with the U.S. Department of Labor on behalf of Local 150, willfully failed to maintain records providing the necessary basic information and data to verify, explain, clarify, and check the accuracy and completeness of the financial report required to be filed with the Department of Labor by Local 150 for the year 2001. These records included vouchers, receipts and other documentation providing the necessary supporting information for expenses Iverson and Timko claimed to have incurred during 2001 that were paid for and reimbursed by Local 150.

All in violation of Title 29, United States Code, Sections 436 and 439(a).

## COUNT 32

### Failing to maintain union records for 2001
(29 U.S.C. §§ 436 and 439(a))

**THE GRAND JURY FURTHER CHARGES:**

14. During the period from December 1, 2001, through at least December 31, 2004, in the State and Eastern District of Wisconsin,

DEBRA M. TIMKO,

who was then the president of Local 150 and was, therefore, required to sign and file annual financial reports with the U.S. Department of Labor on behalf of Local 150, willfully failed to maintain records providing the necessary basic information and data to verify, explain, clarify, and check the accuracy and completeness of the financial report required to be filed with the Department of Labor by Local 150 for the year 2001. These records included vouchers, receipts and other documentation providing the necessary supporting information for expenses Timko and Iverson claimed to have incurred during 2001 that were paid for and reimbursed by Local 150.

All in violation of Title 29, United States Code, Sections 436 and 439(a).

## COUNT 33

### Failing to maintain union records for 2002
(29 U.S.C. §§ 436 and 439(a))

**THE GRAND JURY FURTHER CHARGES**:

15. During the period from January 1, 2002, through at least December 31, 2004, in the State and Eastern District of Wisconsin,

DEBRA M. TIMKO,

who was then the president of Local 150 and was, therefore, required to sign and file annual financial reports with the U.S. Department of Labor on behalf of Local 150, willfully failed to maintain records providing the necessary basic information and data to verify, explain, clarify, and check the accuracy and completeness of the financial report required to be filed with the Department of Labor by Local 150 for the year 2002. These records included vouchers, receipts and other documentation providing the necessary supporting information for expenses Timko claimed to have incurred during 2002 that were paid for and reimbursed by Local 150.

All in violation of Title 29, United States Code, Sections 436 and 439(a).

A TRUE BILL:

_____
Foreperson

3-21-06
Date

*Steven M. Biskupic*
STEVEN M. BISKUPIC
United States Attorney